IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STACEY CLOUDEN,

      Plaintiff,                       CASE NO.:

v.

TACO BELL OF AMERICA, LLC,

      Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Taco Bell of America, LLC ("Taco Bell"), hereby provides Notice of the Removal of the above captioned action from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County to the United States District Court for the Middle District of Florida, Orlando Division, and states as follows:

1. Taco Bell of America, LLC is the named Defendant in a Civil Action filed on or about April 30, 2020 in the Eighteenth Judicial Circuit, in and for Seminole County, Florida, styled as *Stacy Clouden, Plaintiff v. Taco Bell of America, LLC, Defendant*, Case No.: 2020-CA-001049-11J-W (the "State Court Action").

2. Taco Bell of America, LLC was served with a copy of the Summons and Complaint in the State Court Action on May 15, 2020. *See* Summons and Complaint, attached hereto as Exhibit A.

3. The Complaint for Damages alleges that on May 20, 2018, Plaintiff, Stacy Clouden sustained damages as a result of a slip and fall on water at the Taco Bell restaurant located in Altamonte Springs, Seminole County, Florida.

4. Pursuant to 28 U.S.C. § 1332(a), the district courts shall have original jurisdiction

1

of all civil actions where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between (1) citizens of different States.

5. On June 4, 2020, Taco Bell served a request for admissions on the Plaintiff asking her to either admit the total damages she was seeking to recover exceeded the sum of seventy five thousand dollars ($75,000) or admit the total damages she was seeking to recover was less than or equal to the sum of seventy five thousand dollars ($75,000). *See* Taco Bell's First Request for Admissions, attached hereto as Exhibit B.

6. On June 8, 2020, Plaintiff filed an Objection to Taco Bell's First Request for Admission which maintained "the First Request for Admissions is invasive of attorney-client privilege." *See* Plaintiff's Objection to Taco Bell's First Request for Admissions, attached hereto as Exhibit C.

6. On June 19, 2020, Taco Bell filed a Motion to Determine the Sufficiency of Plaintiff's Responses to Request for Admissions, to Order Certain Requests be Deemed Admitted or, Alternatively, to Order that Amended Answers be served by Plaintiff. *See* Taco Bell's Motion to Determine the Sufficiency of Plaintiff, Stacy Clouden's Responses to Request for Admissions, to Order Certain Requests be Deemed Admitted or, Alternatively, to Order that Amended Answers be served by Plaintiff, attached hereto as Exhibit D.

7. On September 20, 2020, the Court granted Taco Bell's Motion to Determine the Sufficiency of Plaintiff's Response to Request for Admissions, ruling that Plaintiff had 20 days to amend her response. *See* Order Granting Taco Bell's Motion to Determine the Sufficiency of Plaintiff's Response to Request for Admissions, attached hereto as Exhibit E.

8. After Plaintiff failed to comply with the Order Granting Taco Bell's Motion to Determine the Sufficiency of Plaintiff's Response to Request for Admissions, on October 23,

2020, Taco Bell filed a Motion to Compel Compliance with Order. *See* Taco Bell's Motion to Compel Compliance with Order Granting Taco Bell's Motion to Determine the Sufficiency of Plaintiff's Response to Request for Admissions, attached hereto as Exhibit F.

9. In addition, on November 16, 2020, Taco Bell filed a Motion for Civil Contempt/Enforcement, noting within that Taco Bell's counsel made multiple, unsuccessful attempts to speak with Plaintiff's counsel concerning Plaintiff's failure to file amended responses to Taco Bell's Request for Admissions. *See* Taco Bell's Motion for Civil Contempt/Enforcement, attached hereto as Exhibit G.

10. Finally, on November 18, 2020, Plaintiff served an amended response to Taco Bell's Request Admissions, wherein she admitted she was seeking in excess of $75,000.00 in damages. *See* Plaintiff's amended response to Taco Bell's first request for admissions, attached hereto as Exhibit G.

11. An admission that Plaintiff is seeking in excess of $75,000 is a "proper triggering document" for removal. *Lambertson v. Go Fit, LLC*, 918 F.Supp.2d 1283, 1286 (S.D. Fla. 2013).

15. In *Lambertson*, plaintiff sent a pre-suit demand letter seeking over $900,000 in damages. *Id.* at 1284. Plaintiff's initial pleading, however, stated only that the amount in controversy exceeded $15,000.00. *Id.* The Court noted that while "Plaintiff alleged serious injuries, this Court will not speculate as to the amount of damages resulting from these injuries and cannot expect Defendant to have do so, where the pleading itself states only that the amount in controversy exceeds $15,000.00." *Id.* at 1285. In response to a request for admission from the Defendant served after the filing of the complaint, Plaintiff admitted the amount in controversy exceeded $75,000.00. *Id.* at 1284. Ultimately, the Court held that Defendant's removal 12 days after receiving confirmation from Plaintiff's responses to requests for admissions that the amount

3

in controversy was above $75,000.00 was timely and proper. *Id*. at 1286.

13. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. 1332(c)(1).

14. Taco Bell of America, LLC is a Delaware limited liability company with a principal place of business in Irvine, California. *See* affidavit of Karen Aucutt, ¶4, attached hereto as Exhibit H. The citizenship of a LLC, however, is determined by the citizenship of all of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); See also *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Taco Bell of America, LLC is YUM! Brands, Inc., a North Carolina corporation with a principal place of business in Louisville, Kentucky. *Id.* at ¶5. As such, for purposes of 28 U.S.C. §1332(c)(1), Defendant Taco Bell of America, LLC is a citizen of the State of North Carolina and the Commonwealth of Kentucky. It is not a citizen of the State of Florida.

15. According to Plaintiff's discovery responses, at all relevant times, Plaintiff has been a resident Orlando, Florida. *See* Plaintiff, Stacy Clouden's Answers to Taco Bell's Interrogatories, No. 1, attached hereto as Exhibit I.

16. It is well settled that state citizenship or domicile for purposes of diversity jurisdiction is determined by two factors, residence and intent to remain. *See Jones v. Law Firm of Hill and Ponton*, 141 F.Supp. 1349, 1355 (M.D.Fla., 2001) *citing Mississippi Band of Choctaw Indians v. Holyfield*, 480 U.S. 28, 40 (U.S. 1989). There is a presumption that the state in which a person resides at any given time is also that person's domicile. *See Jones*, 141 F.Supp. at 1355, *citing District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). Furthermore, once an

individual has established a domicile, she remains a citizen there until she satisfies the mental and physical requirements of domicile in a new state. *Id.* at 1355, *citing Yeldell v. Tutt*, 913 F.2d. 533, 537 (8th Cir. 1990).

17. As such, pursuant to 28 U.S.C. §1332, complete diversity exists in the case at bar. Plaintiff is a citizen of the State of Florida and Defendant is a citizen of the State of North Carolina and the Commonwealth of Kentucky.

18. As such, pursuant to 28 U.S.C. Section 1441, Defendant removes the within action to this Court in that it is a civil action between citizens of different states (Plaintiff: Florida; Defendant: North Carolina and Kentucky) and the amount placed in controversy exceeds the sum of $75,000.00.

19. Pursuant to 28 U.S.C. Section 1446(a) and Local Rule 4.02(b), a copy of all process, pleadings, orders and other papers or exhibits of every kind now on file in the State Court Action are attached as Composite Exhibit "J".

20. Concurrent with the filing of this Notice of Removal with this Court, Taco Bell of America, LLC will provide Notice of Removal to the Plaintiff, through the attorney of record in the State Court Action, as required by 28 U.S.C. Section 1446 (d), as well as notice to the Clerk of the Circuit Court of the Eighteenth Judicial Circuit, Seminole County, State of Florida

21. Pursuant to the holdings of *Lambertson*, this Notice is timely, being filed only twelve (12) days after service of the Plaintiff's amended responses to Defendant's request for admission seeking over $75,000.00 in damages.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Courts by using the ECF system which will send a

notice of electronic filing to the following: David R. Heil, Esquire, David R. Heil, P.A., 2324 Lee Road, Winter Park, Florida 32789 this 30th day of November, 2020.  I further certify that upon notification from the Clerk of the Court, a copy of the foregoing will be forwarded via U.S. Mail if a party is a non-ECF participant.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

*/s/ Deborah L. Moskowitz*

———————————————————
DEBORAH L. MOSKOWITZ, ESQUIRE
Florida Bar No. 0119563
255 South Orange Avenue, Suite 900
Orlando, FL   32801
407-872-6011 Tel.
407-872-6012 Fax
dmoskowitz@qpwblaw.com
Attorneys for Defendant,
TACO BELL OF AMERICA, LLC